# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROY E. EVANS,**
**Claimant Below, Petitioner**


**vs.)    No. 14-0308**  (BOR Appeal No. 2048837)
(Claim No. 2013001774)



**CCBCC, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Roy Evans, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. CCBCC, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 26, 2014, in which the Board affirmed a September 27, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 11, 2012, decision denying Mr. Evans's request for a right shoulder arthroscopy, acromioplasty, and debridement versus rotator cuff repair. Mr. Evans is appealing and requesting a right shoulder arthroscopy, acromioplasty, and debridement versus rotator cuff repair. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Evans worked as a salesman for CCBCC, Inc. On May 18, 2012, Mr. Evans was pulling cases in an overhead bay when he felt burning pain in his right shoulder. On the Report of Injury application, Stanley Tao, M.D., initially saw Mr. Evans on July 9, 2012, and stated that

1

he was released to return to work on July 9, 2012. The claim was held compensable for a shoulder sprain.[1] He was treated with physical therapy and one steroid injection in the right shoulder. On September 24, 2012, Dr. Tao requested the surgery and testified that he made this request in the event Mr. Evans needs the surgery because authorization could take a while and also released Mr. Evans for a second time to return to work on October 8, 2012.[2] On September 28, 2012, Prasadarao B. Mukkamala found Mr. Evans to have reached maximum medical improvement. Mr. Evans then allegedly suffered a second injury to his right shoulder on February 8, 2013, and has requested authorization for these same procedures in a separate claim for the February of 2013 injury. The claims administrator denied Mr. Evans's request for right shoulder arthroscopy, acromioplasty, and debridement versus rotator cuff repair.

The Office of Judges affirmed the claims administrator's decision and found that the requested treatment is not medically related and reasonably necessary to treat the subject injury. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Evans disagrees and asserts that Dr. Tao immediately diagnosed him with rotator cuff sprain/strain and tear and an impingement syndrome of the shoulder and requested the surgery for the compensable injury. Mr. Evans further asserts that Dr. Tao's opinion should be given greater weight than the opinion of Dr. Mukkamala. CCBCC, Inc., maintains that there is no reliable evidence that surgery is medically related or reasonably required to treat the compensable injury. It further maintains that the evidence shows Mr. Evans has degenerative conditions in his shoulder and that Dr. Tao's report was the only medical evidence to find Mr. Evans had incurred a greater tuberosity fracture or any derangement of his shoulder.

The Office of Judges found that Dr. Tao initially stated the February 26, 2013, MRI was interpreted by a radiologist as showing a non-displaced greater tuberosity fracture. However, when Dr. Tao was presented with the MRI report, he conceded that the radiologist's report did not diagnose Mr. Evans with a fracture. The Office of Judges noted that the February 26, 2013, MRI, which came after Mr. Evans's second right shoulder injury that occurred on February 8, 2013, was not interpreted as showing evidence of supraspinatus tendinopathy. Dr. Tao further testified that the purpose of the arthroscopic procedure would have been first for diagnostic purposes to thoroughly evaluate the anatomical structure, which included confirming the MRI and making sure nothing was torn, loose, or broken, and to perform a bursectomy and an acromioplasty. However, considering the lack of evidence of supraspinatus tendinopathy on the second MRI, as well as finding no evidence of rotator cuff tear of internal derangement, the Office of Judges concluded the record failed to demonstrate that the requested surgery is medically related and reasonably necessary for treatment of the compensable injury. The Office of Judges noted that by letter dated September 24, 2012, Dr. Tao released Mr. Evans to return to work on October 8, 2012, with no work restrictions. In addition, Dr. Mukkamala evaluated Mr.

---

[1] The record does not contain information regarding the specific compensable conditions, but the Office of Judges' September 27, 2013, Order, appears to indicate that the claim is only compensable for a shoulder sprain.

[2] There was no medical report submitted to this Court showing when Dr. Tao or any another physician took Mr. Evans off work following Dr. Tao's statement on the Report of Injury application that Mr. Evans could return to work on July 9, 2012.

Evans and found that he had reached maximum medical improvement.

The Office of Judges further found that Mr. Evans's argument that Dr. Tao's opinion should be given greater weight than that of Dr. Mukkamala is not persuasive. It concluded that a preponderance of the evidence simply fails to demonstrate that Mr. Evans needs a shoulder surgery due to the compensable injury. In addition, Dr. Tao admitted that as one ages sometimes the tip of the acromion can become a little bit more prominent and in terminal elevation. The rotator cuff can hit the process of acromion and cause pain. Therefore, the Office of Judges found more likely than not Mr. Evans's shoulder symptoms are due to an age-related prominence in the tip of the acromion rather than his shoulder sprain injury.

This Court agrees with the reasoning of the Office of Judges and the conclusion of the Board of Review. The claim has been held compensable for a shoulder sprain. The February 10, 2013, x-rays revealed no evidence of a fracture or dislocation. The February 26, 2013, MRI showed no evidence of a rotator cuff tear or internal derangement, yet Dr. Tao continued to diagnosis Mr. Evans with a rotator cuff tear and impingement syndrome. Furthermore, Dr. Tao continued to request a right shoulder arthroscopy, acromioplasty, and debridement versus rotator cuff repair even though the MRIs and the x-rays showed there was no evidence of a rotator cuff tear or a fracture. Dr. Tao even testified that he requested the surgery on September 24, 2012, in the event Mr. Evans needs the surgery because authorization can take a while. On the same day he requested the surgery, he also completed a letter releasing Mr. Evans to return to work on October 8, 2012, with no work restrictions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum
Justice Brent D. Benjamin